IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ST. LUKE'S EPISCOPAL HOSPITAL, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-1438 |
| ACORDIA NATIONAL and KNUST-SBO, | § § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

St. Luke's Episcopal Hospital moves to reinstate this case. St. Luke's sued an ERISA plan administrator, KNUST-SBO, and the third-party plan administrator, Acordia National, to recover the costs of medical treatment provided to a plan beneficiary, Rachel Galvan, during her six-week hospital stay. Acordia denied payment on the ground that Galvan's treatment was for preexisting conditions and excluded from plan coverage. St. Luke's disputed that the treatment was for preexisting conditions.

In a memorandum and order issued on February 13, 2007, this court remanded the claim to the plan administrator and administratively closed this case pending the completion of that review. (Docket Entry No. 68). On April 3, 2007, Acordia's Plan Administrator Benefit Committee completed its claim review. (Docket Entry No. 69). St. Luke's submitted a November 28, 2005 letter from Dr. Philip Pirtle about Galvan's conditions. Dr. Pirtle acknowledged that Galvan had been treated in the past for congestive heart failure and

diabetes, for which she was also treated during the hospital stay at issue. Dr. Pirtle found that Galvan was also treated for renal insufficiency and an infected knee, which he did not believe were preexisting conditions. Dr. Pirtle concluded that Galvan's infected knee caused her shortness of breath, the symptom for which Galvan was first admitted to the hospital. (*Id.*, Ex. 1 at 4).

The committee concluded that most of the medical services and treatment St. Luke's provided Galvan were "primarily necessitated" by her preexisting conditions, including congestive heart failure, diabetes, and renal insufficiency. (*Id.*, Ex. 1 at 4–5). The committee agreed with Dr. Pirtle that Galvan received medical services and treatment for her infected knee, but did not decide whether the infected knee was related to a preexisting condition. The medical evidence from Acordia's claim examiner and from Dr. Pirtle on that point conflicted. (*Id.*). The committee concluded that even if the infected knee was not a preexisting condition, it was not the condition that required most of the medical care Galvan received and "only the portion of the Hospital's charges for her care, treatment and services for that condition would be payable." (*Id.* at 5). The committee noted that St. Luke's billing did not distinguish between the medical services and treatment for Galvan's infected knee and for her other conditions. The committee asked St. Luke's to review the billing and identify the amounts for medical services and treatment for Galvan's infected knee. (*Id.*).

On May 1, 2007, St. Luke's moved to reinstate this case on this court's active docket. St. Luke's stated that it "is unable by law to change the bill originally transmitted to the Plan.

However, the Hospital has transmitted to the Plan, and filed with this Court, the expert report of Dr. Phil Pirtle, together with a copy of the original bill whereon Dr. Pirtle has highlighted those expenses." (Docket Entry No. 72 at 2). St. Luke's asks this court to reinstate this case "in the interest of justice and judicial economy, and out of an abundance of caution" until "[Acordia] has remitted payment to the Hospital in the amount of the highlighted bill." (*Id.*). Acordia did not respond to this motion.

The motion to reinstate is granted. A hearing is set for **June 22, 2007** at 12:00 p.m. in Courtroom 11-B, Bob Casey United States Courthouse, 515 Rusk Street, Houston, Texas.

SIGNED on June 1, 2007, at Houston, Texas.

                                      Lee H. Rosenthal
                                  United States District Judge